IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WENDY WHITAKER, et al.,                          :
                                                 :
                          Plaintiffs,            :
                                                 :          CIVIL ACTION NO.
vs.                                              :
                                                 :          4:06-CV-0140-CC
SONNY PERDUE, et al.,                            :
                                                 :
                          Defendants.            :

## **ORDER**

This matter is presently before the Court on Plaintiffs' Motion for Preliminary Injunction [Doc. No. 8].  In this action, Plaintiffs challenge the constitutionality of two provisions of the Georgia Sex Offender Residency Statute enacted by Act No. 571, Ga. Laws 2006 (HB 1059), codified at O.C.G.A. § 42-1-15 (hereinafter "the Act").  Plaintiffs ask this Court to preliminarily enjoin the portions of the Act that would prohibit registered sex offenders from living within 1,000 feet of a school bus stop or a church.  On June 27, 2006, the Court entered an Order granting Plaintiffs' Motion for Temporary Restraining Order as to the school bus stop provision, and on July 11, 2006, the Court extended the Temporary Restraining Order for an additional ten days so that the Court could hear evidence and argument from both parties and rule on Plaintiffs' Motion for Preliminary Injunction.

The Court, having carefully reviewed and considered all written submissions by both parties in this action and all declarations and other submissions attached thereto, having heard the evidence and oral argument made by both parties at the preliminary injunction hearing held on July 11-12, 2006, and having reviewed and applied the relevant legal principles, hereby **DENIES** Plaintiffs' Motion for Preliminary Injunction as premature because the Court finds

no evidence in the record to indicate that any local school board of education has designated school bus stops pursuant to the Act.

I.      The Act

On April 24, 2006, Governor Perdue signed into law HB 1059, substantially revising Georgia's sex offender residency restrictions  The Act provides:

> (a) No individual required to register pursuant to Code Section 42-1-12 shall reside or loiter within 1,000 feet of any child care facility, church, school, or area where minors congregate. Such distance shall be determined by measuring from the outer boundary of the property on which the individual resides to the outer boundary of the property of the child care facility, church, school, or area where minors congregate at their closest points.
>
> (b)(1) No individual who is required to register under Code Section 42-1-12 shall be employed by any child care facility, school, or church or by any business or entity that is located within 1,000 feet of a child care facility, a school, or a church.
>
> O.C.G.A. § 42-1-15 (2006).

The Act defines "areas where minors congregate" as:

> "all public and private parks and recreation facilities, playgrounds, skating rinks, neighborhood centers, gymnasiums, <u>school bus stops</u>, and public and community swimming pools"
>
> § 42-1-12(3) (emphasis added).

The Act defines "school bus stop" as:

> "a school bus stop as designated by local school boards of education or by a private school"
>
> § 42-1-12 (a)(19).

The penalty for knowingly violating the Act is a mandatory sentence of ten to thirty years in prison.  § 42-1-15(d).

II.     School Bus Stop

        Plaintiffs' central argument in support of their preliminary injunction motion is that the school bus stop provision is an unconstitutional ex post facto law because the provision is punitive in effect.[1]  In response to Plaintiffs' Motion for Preliminary Injunction, Defendants have raised the question of whether any school bus stops referenced by Plaintiffs have been designated by local school boards of education, as required by O.C.G.A. § 42-1-12(a)(19).[2]  The Act's definition of school bus stop accordingly must be interpreted before Plaintiffs' constitutional claims can be evaluated by this Court.  Both parties have submitted briefs discussing the meaning of school bus stop under the Act.

        The Court finds neither parties' interpretation of the school bus stop definition persuasive.  When construing a state statute, this Court applies state rules of statutory construction.  See Thomas v. Reliance Ins. Co., 617 F.2d 122, 125

---

[1] Plaintiffs raise additional constitutional and statutory challenges to the school bus stop provision and the church residency restriction in their Complaint.  [Doc. No. 1.]  The Court finds that none of these challenges have a substantial likelihood of success on the merits and will not consider each count at length in this Order.  See Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (stating the four-part standard for preliminary injunction rulings).  The Court further notes that Plaintiffs' evidence at the preliminary injunction hearing focused almost exclusively on the school bus stop provision.

[2] Defendants did not raise this argument in response to Plaintiffs' Motion for Temporary Restraining Order.

(5th Cir. 1980).[3]  It is beyond dispute that when construing the meaning of a statute, this Court must first look to plain meaning of the statute itself.  Mansfield v. Pannell, 404 S.E.2d 104 (Ga. 1991) (citation omitted) ("[T]he literal meaning of the words of a statute must be followed unless the result is an absurdity, contradiction, or such an inconvenience that it is clear that the legislature must have intended something else."); Tolbert v. Maner, 518 S.E.2d 423 (Ga. 1999).

The Georgia legislature provided a definition of school bus stop in the Act. The Court is bound to apply that definition as written and must presume that the legislature means what it says.  See Fullbright v. Boardman, 125 S.E. 44, 46 (Ga. 1924) ("Nor can we substitute our opinion of what is right or just for the declared or expressed intention of the legislature, but must presume, absolutely and conclusively, that what was meant is what was said.")  Words in a statute are to be given their plain, ordinary meaning.  Miller v. Georgia Ports Authority, 470 S.E.2d 426, 427 (Ga. 1996).  In this case, the legislature said that a school bus stop is "a bus stop as designated by local school boards of education or private schools." The parties agree that designate means to point out, to indicate, to mark.  See Webster's Internat'l Dictionary (defining designate as "[t]o mark out and make known; to point out; to name; indicate; show").

The plain meaning of the statute requires, at a minimum, some action *by local school boards of education* to identify school bus stops.  While the Court will not add words to the statute requiring official resolution or other official action by the school board to designate school bus stops, neither will the Court ignore the

_____

[3] The Court notes that the parties relied almost exclusively on federal rules of statutory construction in their briefs.  The Court has reviewed the cases cited by the parties and finds that the federal rules of statutory construction are similar to the state principles.  The Court will nonetheless apply state law, in accordance with Eleventh Circuit precedent.

plain language providing that local school boards of education, as opposed to their employees or agents, name or point out school bus stops.[4] <u>See</u> <u>Alexander Properties Group, Inc. v. Doe</u>, 626 S.E.2d 497, 500 (Ga. 2006) (noting that, according to established principles of statutory construction, "if some things are expressly mentioned the inference is stronger that those omitted were intended to be excluded," and "[t]he express mention of one thing implies the exclusion of another"); <u>Latham v. State</u>, 483 S.E.2d 322 (Ga. 1997) ("Courts should give meaning to every part of a statute and not render language superfluous."). The Court need not determine what exactly a local school board of education must do to designate school bus stops. Plaintiffs have introduced no evidence that any local school board has in fact designated any school bus stops, and Defendants assert that they do not know if any school bus stops have been so designated.

The Court is deeply troubled, however, by the overwhelming evidence, presented by Plaintiffs at the preliminary injunction hearing, that local law enforcement authorities have been preparing to enforce the school bus stop provision by measuring the distance between registered sex offenders residences and school bus stops obtained from local school officials or from school websites. While this interpretation of the definition of school bus stop was not entirely unreasonable, the Court expects that, in light of this ruling, local law enforcement authorities will re-evaluate whether registered sex offenders in their respective counties are in compliance with the Act. The Court notes that Plaintiffs have no risk of irreparable injury at this time because local law enforcement officers cannot legally enforce the school bus stop provision until local school boards of education designate school bus stops.

---

[4] The Court notes that the Act does not require local school boards of education to designate school bus stops.

The Court recognizes that local school boards of education will likely immediately designate school bus stops in light of this ruling.  This ruling, therefore, may only result in delay, confusion, and inconsistent actions at the local level.  The Court is powerless to alter this result.  That the Court may not have made the same policy choice as the Georgia legislature is irrelevant.  Plaintiffs' Motion for Preliminary Injunction is premature and is **DENIED** <u>without prejudice</u>. The Court expresses no opinion as to the constitutionality of the school bus stop provision in this ruling.

SO ORDERED this <u>25th</u> day of <u>July</u>, 2006.

*<u>s/   CLARENCE COOPER</u>*

CLARENCE COOPER
UNITED STATES DISTRICT JUDGE