FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 1 4 2009

JAMES N. HATTEN, Clerk
By: [signature]
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

WENDY WHITAKER, et al.,

    Plaintiffs,

v.

SONNY PERDUE, et al.,

    Defendants.

Civil Action
No. 4:06-140-CC

## ORDER DENYING WENDY WHITAKER'S MOTION FOR PRELIMINARY INJUNCTION

This matter is presently before the Court on Plaintiffs' Motion for Preliminary Injunction to Prevent the Eviction of Wendy Whitaker from Her Lawfully Purchased Home [Doc. No. 188]. After briefing of the parties, the Court scheduled a hearing for purposes of determining whether the Columbia County Sherriff should be enjoined from enforcing O.C.G.A. 42-1-15 against Wendy Whitaker. Specifically, Ms. Whitaker claims that she is a registered sex offender and her home is within 1000 feet of a daycare center. Under Georgia's Sex Offender Residency statute, a registered sex offender is prohibited from living within 1000 feet of a daycare center. This provision of the Act has been in place since 2006.

At the hearing, Ms. Whitaker testified that she purchased the home in

2006 although her name did not appear on the deed until 2007. She further testified that the daycare center was established prior to the purchase of her home and that the home therefore did not comply with the residency restrictions at any point during her residence at the property. She further testified that she had moved from the property and had recently returned and then was notified by the local Sherriff that she had 72 hours to change her residence. Ms. Whitaker confirmed that her residence was a short distance from other counties.

Ms. Whitaker also offered the testimony of Peter Wagner. Mr. Wagner testified that there were some areas where sex offenders could live within Columbia County, that approximately 50 registered sex offenders live in the county, and that the surrounding counties did not have designated school bus stops so there was available housing in the other counties. Mr. Wagner further testified that he had not extensively looked at the surrounding counties but there may be available housing in those counties a short distance from where Ms. Whitaker currently resides.

"[A] preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion." Canal Authority of Florida v. Callaway, 489 F.2d 567, 573 (11th Cir. 1974). The "sole purpose is to preserve the relative positions of the

parties until a trial on the merits can be held." Institute of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "The movant must show (1) a substantial likelihood of prevailing on the merits; (2) that Plaintiff will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damages the proposed injunction may cause the opposing party; and (4) that if issued, the injunction would not be adverse to the public interest." Baker v. Buckeye Cellulose Corp., 856 F.2d 167, 169 (11th Cir. 1988); Levi Strauss and Company v. Sunrise International Trading Inc., 51 F.3d 982 (11th Cir. 1995). Plaintiffs carry the burden of persuasion on all four standards. Jefferson County, supra, 720 F.2d at 1519. "The 'sine qua non' of the preliminary injunction test is whether the movant is likely to succeed on the merits." Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993). See also, Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986).

Ms. Whitaker contends that she has evidenced both an *ex post facto* claim and a claim for a violation of her substantive due process rights and thus is entitled to relief from this Court. Defendants Perdue and Baker argue first that this issue is not properly before this Court because this is a class action and because Ms. Whitaker is attempting to have the Court revisit prior

decisions. They next contend that Ms. Whitaker has not met her burden under any of the four prongs necessary to establish the need for an injunction

Without reaching the issue of whether this issue is properly before this Court, and after considering the evidence, briefing and argument of the parties, the Court finds that Ms. Whitaker has not met her burden of showing that she has a substantial likelihood of prevailing on the merits as to either her claim under the *ex post facto* clause or for an alleged violation of her right to substantive due process.

Specifically the Court finds that Ms. Whitaker has not shown that she has been "banished" from Columbia County, even assuming that "banishment" from one county is sufficient to equate to punishment as defined by the *ex post facto* clause, nor has she shown that she would be unable to find an appropriate residence in the surrounding counties. Similarly, Ms. Whitaker has not shown a likelihood that she would succeed on her claim alleging a violation of her substantive due process rights. Accordingly, Plaintiffs' Motion for Preliminary Injunction to Prevent the Eviction of Wendy Whitaker from Her Lawfully Purchased Home [Doc. No. 188] is hereby **DENIED**.

**[Signature to follow on next page]**

So Ordered this __14th__ Day of January, 2009.

*Clarence Cooper*
The Honorable Clarence Cooper
Judge, United States District Court
Northern District of Georgia