IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

_____
                                            )
WENDY WHITAKER, et al.,                     )
                                            )
    Plaintiffs,                              )
                                            )   CIVIL ACTION
v.                                          )
                                            )   No. 4:06-140-CC
SONNY PERDUE, et al.                        )
                                            )
    Defendants.                              )
_____)

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT TO STOP THE STATE OF GEORGIA FROM CRIMINALIZING
PROTECTED RELIGIOUS ACTIVITY**

    This Court has certified a sub-class of: "all persons who are registered, are required to register, or in the future will be required to register as sex offenders pursuant to O.C.G.A. § 42-1-12 who: (1) are employed by a church or volunteer at a church; or (2) are or have been impeded from employment at a church or volunteering at church due to O.C.G.A. § 42-1-15." Order at 7-9 (March 30, 2009). This Court has also entered a preliminary injunction against enforcement of O.C.G.A. § 42-1-15 which provides that "No individual [who is required to register as a sex offender] shall . . . volunteer at any . . . church[]." This statute criminalizes fundamental religious

activities and subjects violators to 10-30 years in prison.  Plaintiffs contend that summary judgment is warranted in line with this Court's prior conclusions.

In granting injunctive relief, this Court already conducted an extensive hearing and found:

- "Plaintiffs have shown that many class members were ordered to stop participating in religious activities by parole officers, sheriffs' deputies and other law enforcement personnel, while others were deterred from participating in such activities by the statute's apparent breadth and penalty of 10 to 30 years in prison.  The religious activities that have been addressed include: singing in adult choir, playing piano, reading in a service, cleaning the church kitchen, serving on church committees, preparing food for the homeless, audio recording of services, adult Bible study, setting up for church events, and speaking to the congregation during services." Order, Mar. 30, 2009 at 19.

- "Plaintiffs have presented evidence that certain named Plaintiffs and members of the relevant subclass have ceased participating in a wide range of church-related activities that are required or encouraged by their particular religious beliefs. In a number of instances, Plaintiffs have ceased engaging in such activities because of their concern that the statute may be violated and because of the harsh penalties that will be faced if a particular activity is considered 'volunteering' under the Church Volunteer/Employment Provision." Id. at 29.

- "Plaintiffs have shown confusion among law enforcement officials as to the meaning of the term 'volunteer.'" Id. at 19.

- "Several class members presented declarations and/or testified about restrictions placed on religious activities by the statute and various law enforcement agencies' interpretations of the statute." Id. at 21.

- "Plaintiffs also presented affidavits and testimony from religious leaders about the importance of religious activities to faith and the reformative impact of religious participation." Id. at 23.

This Court also reviewed evidence that *some* law enforcement officials, in the days and weeks before the preliminary injunction hearing, purported to change their interpretation of "volunteer." This Court found such evidence only further demonstrated vagueness. Order at 26-27; *see also Plaintiffs' Reply Brief in Support of Preliminary Injunction* 1-10; *Plaintiffs' Pre-Hearing Brief* at 2-8.

While the State had argued that the Statute was necessary for public safety, this Court found that "Georgia has never before had a law prohibiting people on the registry from volunteering at church, and Plaintiffs assert that no other state has such a law." Moreover, there were adequate safeguards already in place:

> [S]ex offenders are already prohibited from loitering at or within 1,000 feet of anywhere minors congregate, and offenders on probation or parole are prohibited from any unsupervised contact with minors. The State itself has submitted evidence establishing that it imposes conditions on supervised release, where necessary for particular sex offenders, including limits on church attendance or participation….Finally, religious institutions have other tools to protect children including background checks, escorts, and prohibitions against contact with minors. Order at 29-30.

Indeed, this Court credited evidence from the Board of Pardons and Parole, the Georgia Department of Corrections and others that "encouraging people to be involved with faith-based programs will reduce recidivism." Order at 30. Thus, the statute actually might undermine public safety in some respects.

This Court did not reach the Free Exercise and Overbreadth claims. Instead, this Court found the Statute unconstitutionally vague on its face and as demonstrated in its crazy-quilt application:

> The Church Volunteer/Employment Provision does not define the term "volunteer." …. [T]he term has been interpreted in various ways by law enforcement officials, and several have been confused regarding its meaning.
>
> While Defendants Perdue, Baker and Dean submit that the term volunteer encompasses only employment-type situations, it is unclear even what would be included in such a definition for purposes of enforcing the statute. Would volunteering to play the piano during service be prohibited because it is possible to be employed as a pianist? Would volunteering in a church's office to send mailings, answer phones, or organize files be prohibited because it is possible to be employed as an office assistant?
>
> The lack of definition of the term "volunteer" authorizes discriminatory and arbitrary enforcement, and the significant criminal penalties associated with violating the statute have led Omar Howard, Lori Collins, and other class members to forgo certain religious activities. Because the Church Volunteer/Employment Provision fails to provide fair warning to Plaintiffs or adequate guidance to law enforcement, it is substantially likely that it is unduly and unconstitutionally vague. Order at 28-29.

Plaintiffs fully briefed the constitutionality of this statute previously, and incorporate by reference their First Amendment, vagueness and overbreadth

challenges here.[1]  Further discovery revealed the following facts that only bolster this Court's analysis and support plaintiffs' request for summary judgment:

1) According to Department of Corrections records, at least 100 probationers have been ordered, advised, or encouraged not to volunteer at church.[2]

2) During the most recent legislative session, the Lieutenant Governor's office prepared a summary of Senate Bill 157 that acknowledged the confusion caused by the volunteer provision.  The summary stated:

   Volunteer Provision: we need a standard definition of what constitutes volunteering.  We also need to be sure that we don't interfere with someone's free exercise of religion and consider the implication of not allowing people to volunteer at a church."[3]

3) Ahmed Holt, manager of the Department of Corrections sex offender unit, acknowledged in his deposition that the volunteer provision caused confusion among law enforcement officers:

   Q:   Did any SPS [Special Probation Services] officer ever seek or request clarification regarding the volunteer provision?

   A:   As a matter of calling and asking questions, that's constant, always.[4]

---

[1]   See Pls' Br. in Supp. of Prelim. Inj. [Doc. No. 186] at 1-21; Pls' Reply Br. in Supp. of Preliminary Injunction [Doc. 194] at 1-10; Pls' Pre-Hearing Br. [Doc. 203] at 2-8.

[2]   See Resp. to Pls' Second Req. for Prod. of Docs., No. 1 (entitled "restricted church volunteer as of May 26, 2009) (Ex. 1).

[3]   See Email from Irene Munn to Mary Beth Westmoreland, Feb. 19, 2009 and attached summary of House Bill 157 (Ex. 2).  As this Court is no doubt aware, SB 157 did not pass into law.

[4]   See Depo. of Ahmed Holt, Dep't of Corr., Manager of Sex Offender

4) Mr. Holt stated that his office "instructed officers to contact their judge" in the event of confusion regarding the volunteer provision.[5]

5) Mr. Holt further stated that, in the absence of the injunction in force, nothing would prevent his office from changing its interpretation of the term "volunteer."[6]

Discovery has revealed only further evidence to warrant summary judgment, and nothing that would measurably impact the analysis already performed by this Court. Under the Statute, activities such as singing in an adult choir, looking up passages for the pastor in Bible study, preparing for revivals and prayer vigils, or cooking meals in a church kitchen are considered criminal activity punishable by 10-30 years in prison. Lori Collins, Angela Coffey, Andrew Norton, Donnie Boone, Omar Howard, and over 16,000 others are subject to prosecution if they volunteer at churches, even though none of the activities in which they participate involves unsupervised contact with minors. The prohibition against volunteering at a church is substantially overbroad, vague and intrusive of core rights to free exercise of religion. Summary judgment and a permanent injunction should be granted to Plaintiffs.

---

Admin., June 2, 2009 [Ex. 4 to Doc. No. 241] at 35.

[5]   See id. at 28.

[6]   See id. at 35.

Respectfully submitted this 28th day of September, 2009.

>**s/ Sarah Geraghty**
>
>SOUTHERN CENTER
>FOR HUMAN RIGHTS
>Stephen B. Bright
>(Ga. Bar No. 082075)
>Lisa Kung
>(Georgia Bar No. 430302)
>Sarah Geraghty
>(Georgia Bar No. 291393)
>Gerald R. Weber
>(Georgia Bar No. 744878)
>83 Poplar Street, N.W.
>Atlanta, Georgia  30303-2122
>Telephone: (404) 688-1202
>Fax: (404) 688-9440
>sbright@schr.org
>lkung@schr.org
>sgeraghty@schr.org
>gweber@schr.org
>
>*Attorneys for the Plaintiffs*

## CERTIFICATION OF COMPLIANCE WITH L.R. 5.1B

Pursuant to L.R. 7.1, I, Sarah Geraghty, hereby certify that this motion has been prepared in compliance with Local Rule 5.1B.

Dated this 28th day of September, 2009.

**s/ Sarah Geraghty**

Sarah Geraghty
(Ga. Bar No. 291393)
Southern Center for Human Rights
83 Poplar Street, N.W.
Atlanta, Georgia  30303-2122
Tel: (404) 688-1202
Fax: (404) 688-9440
sgeraghty@schr.org

CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing *Brief In Support Of Motion For Summary Judgment* upon Defendants by causing a true and correct copy thereof to be delivered by the Court's ECF filing system to Defendants' counsel of record at the following addresses:

Mr. Joseph Drolet
Ms. Devon Orland
Office of the Attorney General
40 Capitol Square
Atlanta, GA  30334

Mr. David E. Hudson
Hull, Towill, Norman, Barrett & Salley, PC
P.O. Box 1564
Augusta, GA  30903-1564

This 28th day of September, 2009.

                                            **s/Sarah Geraghty**
Sarah Geraghty
(Ga. Bar No. 291393)
Southern Center for Human Rights
83 Poplar Street, N.W.
Atlanta, Georgia  30303-2122
Tel: (404) 688-1202
Fax: (404) 688-9440

*Attorney for the Plaintiffs*