IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WALTER SMILY,[1] RUBEN LUNA,
GERMANY WHITFIELD, and R. W.,

        Plaintiffs,

vs.

SONNY PERDUE *Governor of the
State of Georgia in his Official Capacity*,
THURBERT E. BAKER *Attorney
General of the State of Georgia in his
Official Capacity*, SCOT DEAN *Chief
of Probation, Cedartown, Polk County,
Georgia, in his Official Capacity*,
CLAY N. WHITTLE *Sheriff of
Columbia County*, SHERIFF PHIL
SUMMERS *Defendant Sheriff
Summers*, ATTORNEY NATHAN T.
LEE, SHERIFF TIM BURKHALTER,
SHERIFF GARY GULLEDGE,
SHERIFF KELLY MCLENDON,
SHERIFF STACY L. NICHOLSON,
ATTORNEY WILLIAM D. NESMITH,
and SHERIFF PETE SMITH,

        Defendants,

WILLIAM H. BLALOCK, JR.,

        Respondent.

CIVIL ACTION NO.

4:06-CV-00140-CC

## OPINION AND ORDER

    This class action has been pending in this Court since 2006. Most recently, the parties were asked to brief the Court on any Article III and class certification issues. (Order, Sept. 13, 2011 [Doc. No. 305].) After thoroughly considering the parties' arguments, the facts of this case, and the applicable law, and for the reasons stated below, the Court **DISMISSES** the case for lack of jurisdiction.

---

    [1]    Plaintiff's name is docketed incorrectly as "Walter Smily," rather than "Walter Smiley." The Court **DIRECTS** the Clerk of Court to correct the spelling of Plaintiff's last name.

## I.    BACKGROUND

This case has a particularly protracted history because of changes in Georgia law and changes to the named-parties.   Originally, Wendy Whitaker, Joseph Linaweaver, Janet Jenkins Allison, James Victor Wilson, Jeffery York, Dewayne Owens, Al Reginald Marks, Lori Sue Collins, and Rev. Joel Jones (the "Whitaker Plaintiffs") filed suit for injunctive relief, among other remedies, against Sonny Perdue, the former Governor of Georgia, Thurbert Baker, the former Attorney General of Georgia, Scot Dean, the Chief of Probation of Cedartown in Polk County, and Robert Sparks, the Sheriff of Polk County.   (Compl. [Doc. No. 1].)   In the Complaint, the Whitaker Plaintiffs challenge discrete portions of Georgia's sex offender residency law, codified at O.C.G.A. § 42-1-15 (the "Act"), including the portion that prohibits anyone on the registry from living within 1,000 feet of any school bus stop in Georgia.   (See Doc. No. 1 ¶ 58 (citing § 42-1-15 (2006) ("No individual required to register pursuant to Code Section 42-1-12 shall reside . . . within 1,000 feet of any . . . area where minors congregate.")); see also § 42-1-12(a)(3) ("'Area where minors congregate' shall include all . . . school bus stops[.]"); § 42-1-12(a)(19) ("'School bus stop' means a school bus stop as designated by local school boards of education or by a private school.")).

After the Whitaker Plaintiffs amended their Complaint, in July 2006, this Court certified a Plaintiff class consisting of all persons who are registered, are required to register, or in the future will be required to register as sex offenders pursuant to § 42-1-12.   (Order, July 28, 2006 [Doc. No. 65].)   In light of certain changes to § 42-1-15, in March 2009, the Court decertified the previously defined class and certified several subclasses.   (Order, Mar. 30, 2009 [Doc. No. 223].)   One of the subclasses includes all persons who are registered, are required to register, or will be required to register in the future as sex offenders pursuant to § 42-1-15 who

(1) reside in counties in which the school board has designated school bus stops for purposes of § 42-1-15 and (2) either do not own their own homes or do not fall within the homeowner exemption of § 42-1-15(f) or (g), as determined by the sheriff in the county where such persons are registered.  (See Doc. No. 223 at 9-17.)  The Court also concluded that Whitaker Plaintiff Janet Jenkins Allison had standing to represent this subclass because she was leasing a residence that fell within 1,000 feet of a school bus stop in Columbia County.  (Id. at 10.)

In September 2010, the Court approved the dismissal of several claims.  (See Order Approv. Dismiss. Certain Cls. [Doc. No. 288].)  But the school bus stop claim as to substantive due process and vagueness remained.  (Id. at 3.)  Then, in March 2011, the Court allowed the Whitaker Plaintiffs to substitute Walter Smiley, Ruben Luna, and Germany Whitfield (the "Smiley Plaintiffs") as named-plaintiffs.  (Order, Mar. 28, 2011 [Doc. No. 303].)  The Court also granted the Smiley Plaintiffs' Motion to Add R. W. as another substitute named-plaintiff.  (Order, Sept. 9, 2011 [Doc. No. 304].)  These substitute named-Plaintiffs assert that they represent the same subclass of persons that Whitaker Plaintiff Allison had previously represented.  (See Pls.' Mot. to Substitute Named Pls. [Doc. No. 280] at 3-5.)  The Smiley Plaintiffs live in Chatham and Columbia counties.  (Doc. No. 280 at 4; Doc. No. 294 at 2.)  Although Chatham and Columbia counties had designated school bus stops, the counties have since rescinded those designations.  (Docs. No. 300, 302.)

## II.   LEGAL STANDARD

Under Article III of the United States Constitution, federal court jurisdiction is confined to "Cases" and "Controversies." U.S. Const. art. III, § 2.  One part of the case and controversy requirement is the standing doctrine, which determines whether a plaintiff is the proper party to bring a claim in federal court.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351

(1992). This doctrine "requires federal courts [to be satisfied] that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant <u>his</u> invocation of federal-court jurisdiction." <u>Summers v. Earth Island Inst.</u>, 555 U.S. 488, 493, 129 S. Ct. 1142, 1149, 173 L. Ed. 2d 1 (2009) (citation and internal quotation marks omitted).

> Specifically, the Supreme Court has stated:
>
> [T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"–an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) "actual or imminent, not 'conjectural' or 'hypothetical[.]'" Second, there must be a causal connection between the injury and the conduct complained of–the injury has to be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

<u>Lujan</u>, 504 U.S. at 560-61, 112 S. Ct. at 2136 (citations omitted). The party invoking federal jurisdiction has the burden of proof and persuasion on the existence of standing. 504 U.S. at 561, 112 S. Ct. at 2136 (citations omitted).

## III.   DISCUSSION

In their Supplemental Brief on Article III and Class Certification Issues, Defendants argue that the Smiley Plaintiffs lack standing because the counties where they reside no longer have designated school bus stops, and thus, they cannot be forced to vacate their homes. (Defs.' Suppl. Br. [Doc. No. 307] at 6.) In response, the Smiley Plaintiffs contend that standing does exist because certain members of the subclass will, in the future, reside in counties with designated school bus stops. (Pls.' Resp. to Defs.' Suppl. Br. [Doc. No. 308] at 13-15.)

To satisfy the standing requirement in a class action, a named-plaintiff cannot merely point to a class member's injury. Instead, the named-plaintiff must meet the constitutional requirement on his own. <u>See</u> <u>Brown v. Sibley</u>, 650 F.2d 760, 771 (5th Cir. Unit A July 1981) (citing <u>Allee v. Medrano</u>, 416 U.S. 802, 828-29, 94 S. Ct. 2191,

2206-07, 40 L. Ed. 2d 566 (1974) (Burger, C. J., concurring)) ("Standing cannot be acquired through the back door of a class action."). This is true because standing focuses on the party trying to get into federal court and not on the justiciability of the issue itself. Flast v. Cohen, 392 U.S. 83, 99-100, 88 S. Ct. 1942, 1952, 20 L. Ed. 2d 947 (1968). Indeed, litigants should not ask courts to opine on what the law might be in a hypothetical or abstract situation. Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 241, 57 S. Ct. 461, 464, 81 L. Ed. 617 (1937) (citations omitted). Accordingly, the Smiley Plaintiffs must show that they, on their own, have standing to seek injunctive relief against the enforcement of the school bus stop provision.

When a plaintiff seeks injunctive relief, standing exists only if the plaintiff can show that there is a substantial likelihood that they will suffer an injury in the future. Bowen v. First Family Fin. Servs., Inc., 233 F.3d 1331, 1340 (11th Cir. 2000) (citing Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1346-47 (11th Cir. 1999)). The threatened injury must be "certainly impending." Whitmore v. Arkansas, 495 U.S. 149, 158, 110 S. Ct. 1717, 1724-25, 109 L. Ed. 2d 135 (1990) (internal quotation marks omitted) (citing Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298, 99 S. Ct. 2301, 2308-09, 60 L. Ed. 2d 895 (1979)).

Here, the Smiley Plaintiffs assert that they "face a threat of being subject to removal from their homes" whenever "a local school board chooses to designate a school bus stop" in the counties where they live. (Doc. No. 308 at 16.) This injury is not certainly impending. Although a plaintiff need not wait for the injury to occur, in this circuit, immediacy requires a showing that "the anticipated injury [will] occur within some fixed period of time in the future." ACLU of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd., 557 F.3d 1177, 1193-94 (11th Cir. 2009) (citation and internal marks omitted). Because the Smiley Plaintiffs' threatened injury depends on whenever a local school board chooses to designate a school bus stop, (Doc. No.

308 at 16), it is not an injury that will occur within a fixed period of time.  Compare Elend v. Basham, 471 F.3d 1199, 1209 (11th Cir. 2006) ("Plaintiffs' intention . . . to protest 'in concert with presidential appearances at the USF Sun Dome and at other locations around the country'" described unlimited possibilities of when the protests would occur, and thus, was inadequate for the immediacy requirement.), with Fla. State Conference of the NAACP v. Browning, 522 F.3d 1153, 1161 (11th Cir. 2008) (where plaintiffs sued defendants in September 2007 and the alleged injury to their voting rights would occur before the scheduled November 2008 elections, the injury satisfied the immediacy requirement), and ACLU of Fla., Inc., 557 F.3d at 1193-94 (where plaintiffs "alleged that they will be injured by the removal of [certain books]" from the school district's libraries, one plaintiff's July 2006 declaration stating that his son anticipated checking out a book when school resumed in August 2006 was deemed sufficient to meet the immediacy requirement).  Therefore, the Smiley Plaintiffs have not shown that the threat of being removed from their homes is certainly impending.  In light of this, and the fact that the Smiley Plaintiffs do not live in counties with designated school bus stops, they have not shown a substantial likelihood that they will suffer an injury in the future.  Consequently, the Smiley Plaintiffs do not have standing to seek injunctive relief against the enforcement of the school bus stop provision.

## IV.    CONCLUSION

Without satisfying their burden of establishing standing to pursue this case, the Smiley Plaintiffs' class action must be **DISMISSED** for lack of jurisdiction.

**(SIGNATURE ON THE FOLLOWING PAGE)**

SO ORDERED this 30th day of September, 2013.

s/  *CLARENCE COOPER*

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE